**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**JAMES HARRY HEBERT BORDAGES, JR.**,

*Plaintiff*,

v. Case No: 2:25-cv-02617-BCL-atc

**T-MOBILE CORPORATION,**
**AT&T CORPORATION,**
**VERIZON CORPORATION, and**
**MEMPHIS LIGHT GAS AND WATER**,

*Defendants*.

---

## ORDER DISMISSING COMPLAINT UNDER § 1915

---

On June 16, 2025, Plaintiff, proceeding pro se, filed a complaint against Defendants. Doc. 1. Magistrate Judge Annie T. Christoff[1] issued a Report and Recommendation advising dismissal of this case. Doc. 21. Plaintiff timely objected to the Report. Doc. 22. For the following reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 22) and **ADOPTS** the Report and Recommendation (Doc. 21). Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

## LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain matters. 28 U.S.C. § 636(b)(1). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de

---

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Written objections to a magistrate judge's findings or conclusions must be specific. *See* Fed. R. Civ. P. 72(b)(2). "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1915 gives "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Neitzke*, 490 U.S. at 328 (explaining that Section 1915 is designed to screen "clearly baseless" claims, which describe "fantastic or delusional scenarios"). Importantly, "[u]nlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," when screening a complaint under Section 1915, "a judge does not have to accept 'fantastic or delusional' factual

allegations as true." *Hill*, 630 F.3d at 471 (first citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), then citing *Neitzke*, 490 U.S. at 327–28).

**BACKGROUND**

As stated in the Complaint, Plaintiff files this action "in connection with the facts and circumstances underlying (Civil Action No. 2:25-cv-02562-TLP-atc) and asserts distinct but interrelated constitutional claims arising from unlawful use of telecommunications infrastructure." Doc. 1 at 2. Plaintiff alleges that he "has used telecommunications services provided by Defendants within Tennessee, primarily in the city of Memphis," but "his devices have repeatedly displayed false location data indicating presence in or near Dallas, Texas." *Id.* at 3. Plaintiff alleges that "Defendants have knowingly allowed Plaintiffs traffic to be rerouted through Dallas-based networks" as part of "consistent efforts to facilitate illegal genetic and DNA data extraction . . . to harm Plaintiff in order to extort and exploit" him. *Id.* Plaintiff asserts that "this surveillance and data redirection are tied to medical and data collection enterprises operating from Dallas, Texas, including Tenet Healthcare Corporation," who are wrongfully taking Plaintiff's private data. *Id.* at 4. Plaintiff brings various claims for relief and seeks one hundred billion United States dollars in compensatory and punitive damages. *Id.* at 7.

**ANALYSIS**

The Report "recommended that this case be dismissed *sua* sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction." Doc. 21 at 2. The entirety of Plaintiff's objections center on the Report's discussion of Plaintiff's many other civil actions filed in this District. Doc. 22 at 1–6. In brief, Plaintiff objects that the Report's analysis of the instant complaint is "procedurally unsound," because it "depends on a factual composite that does not exist in the operative pleading." *Id.* at 7.

These objections are **OVERRULED**. To begin, Plaintiff himself indicated that this action was filed in connection with at least one other of his cases. Doc. 1 at 2. Further, the Report correctly noted that Plaintiff's claims here involve a conspiracy by various actors to "harvest [Plaintiff's] 'unique biological and biometric signals . . . for purposes of medical profiling, digital entrapment, psychological manipulation, and possibly biological experimentation.'" Doc. 21 at 4.

The Court agrees with the Report that Plaintiff's Complaint is not sufficient to avoid dismissal under Section 1915(e)(2)(B). From the nature of the claims here, Plaintiff's Complaint is frivolous on its face—a point underscored by Plaintiff's history of other frivolous and unmeritorious filings.[2] Even at this procedural juncture and under the relaxed standard for pro se pleadings, Plaintiff's claims are "wholly incredible": Plaintiff demands one hundred billion United States dollars in damages stemming from an alleged conspiracy between various telecommunications companies and Memphis Light Gas and Water to violate his civil rights by stealing and exploiting his genetic information to benefit a Dallas, Texas based healthcare organization. *See Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328. Plaintiff's Complaint is **DISMISSED**.

## CONCLUSION

Plaintiff's Objections (Doc. 22) are all **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 21). Defendant's Complaint (Doc. 1) is **DISMISSED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA

[2] When deciding whether to dismiss a complaint, courts may take judicial notice of "facts in a public record that 'are not subject to reasonable dispute'—such as the court's ultimate resolution of a prior case." *Blackwell v. Nocerini*, 123 F.4th 479, 487–88 (6th Cir. 2024).

UNITED STATES DISTRICT JUDGE